IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rose B. Moumouni, ) | C/A No.: 0:22-1697-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Chester County School District, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment discrimination case, Rose B. Moumouni ("Plaintiff") alleges her former employer Chester County School District ("Defendant") sexually harassed, discriminated, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.* [ECF No. 14].

This matter comes before the court on Plaintiff's motion to cancel the deposition on the record [ECF No. 70] and Defendant's motion to compel discovery and for payment of expenses [ECF No. 72]. Defendant failed to file a response to Plaintiff's motion and Plaintiff failed to file a response to Defendant's motion. Pursuant to 28 U.S.C. § 636(b) and Local Civ. R. 73.02(B)(2)(e) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the court grants in part and

denies in part Plaintiff's motion and grants in part and denies in part Defendant's motion.

I.    Relevant Factual and Procedural Background

On November 8, 2022, the undersigned issued a scheduling order specifying that "[d]iscovery may begin upon receipt of this order." [ECF No. 57]. It provided for "[d]iscovery [to] be completed no later than March 8, 2023" and "[a]ll other motions . . . [to] be filed on or before April 7, 2023." *Id.*

On February 23, 2023, Defendant's counsel filed a motion to amend the scheduling order, requesting the court extend the remaining deadlines by 60 days. [ECF No. 64]. Defendant's counsel noted the following: "[C]ounsel for the Defendant is preparing a Motion to Compel *Pro Se Plaintiff* to properly answer and produce the requested documents pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure." *Id.* at 1. Defendant's counsel further represented:

> Counsel for Defendant served the *Pro Se* Plaintiff with a Notice of Deposition prior to the discovery deadline; however, she noticed our office on February 21, 2023, that she was not available and would have to be given (3) three weeks' notice prior to scheduling. Based on Pro Se Plaintiff's requirement, the deposition would be scheduled after the discovery deadline.

*Id.* On February 27, 2023, the undersigned granted the motion for extension and issued an amended scheduling order, extending the deadline for completion of discovery to May 8, 2023, and the deadline for filing all other motions to June 6, 2023. [ECF No. 67].

Plaintiff filed her motion to cancel the deposition on the record on March 30, 2023. [ECF No. 70]. She represented she had informed Defendant's counsel of her intention to cancel the previously-scheduled deposition after obtaining advice from an attorney that she should not attend a deposition prior to "obtain[ing] the discovery from Defendant's attorney." *Id.* at 1. She indicated "[o]n or about March 6, 2023," she "contacted Defendant's attorney's office to request the discovery." *Id.* However, she subsequently noted she asked Plaintiff's counsel during a telephone conversation on March 29, 2023, "if there was a form *Pro Se* Plaintiff needed to complete to get a copy of the discovery." *Id.* at 2. Plaintiff requested the court extend the discovery deadline by an additional 60 days to give her time to obtain discovery from Defendant and to retain an attorney to represent her. *Id.* She further requested the court order the deposition be conducted in "a safe environment like a government office or the courthouse." *Id.* Defendant filed no response to Plaintiff's motion.

On April 13, 2023, Defendant filed a motion to compel discovery under Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), and for payment of expenses under Fed. R. Civ. P. 37(a)(5). [ECF No. 72].[1] Defendant's counsel represent that they served Plaintiff with interrogatories and requests for production on December

---

[1] Defendant filed a certificate of service indicating it served Plaintiff with the motion to compel and attached exhibits via certified mail, return receipt requested, to the address on record with the court on April 14, 2023. [ECF No. 73-1].

3

12, 2022. *Id.* at 2, 3. They claim Plaintiff submitted responses to the interrogatories on January 19, 2023, that "were evasive and incomplete" such that they should be "treated as a failure to respond" and insufficient under Fed. R. Civ. P. 33 and 37(a)(4). *Id.* at 2. They specifically challenge Plaintiff's responses to interrogatories 1, 2, 6, 7, 8, 9, 10, 11, 12, 14, and 15. *Id.* at 2.

The disputed interrogatories and Plaintiff's responses are as follows:

Interrogatory 1:

> Give the names, addresses and telephone numbers of persons known to Plaintiff to be witnesses concerning the facts of the case. Indicate whether written or recorded statements have been taken from the witnesses and, if so, indicate who has possession of such statements.

[ECF No. 72-1 at 5].

Plaintiff's Response:

> Plaintiff objects to this interrogatory to the extent the Defendant seeks information that has already been filed with the District Court and that Defendant already has in its possession. Plaintiff also objects to this interrogatory to the extent that it seeks information about which Plaintiff has no personal knowledge.

[ECF No. 72-2 at 4].

Interrogatory 2:

> For each person known to Plaintiff to be a witness concerning the facts of the case, set forth either a detailed summary sufficient to inform Defendant of the important facts known or observed by such witnesses, or provide a copy of any written or recorded statements regarding those facts taken from such witnesses.

[ECF No. 72-1 at 5].

4

Plaintiff's Response:

>Plaintiff objects to this interrogatory to the extent that it is unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

[ECF No. 72-2 at 4].

Interrogatory 6:

>Beginning in November 2021 and continuing until the present, provide the source and amount of any income Plaintiff has received including, but not limited to wages, workers' compensation, unemployment compensation, social security or similar payments or benefits, or disability payments, and with respect to each source of income provided, the inclusive dates on which he received the stated income.

[ECF No. 72-1 at 6].

Plaintiff's Response:

>Plaintiff objects to this interrogatory to the extent the request is overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it calls for the disclosure of information outside the scope of time, place, subject matter, and circumstances of the occurrences mentioned in the Complaint or Counterclaim. Moreover, Plaintiff objects to this interrogatory on the grounds the Defendant is requesting information from a "he," which does not refer to Plaintiff.

[ECF No. 72-2 at 6].

Interrogatory 7:

>Beginning in November 2021 and continuing until the present, identify the source and total monetary value of each type and amount of any fringe benefit (including but not limited to,

5

> disability payments, salary continuances, severance payments, medical insurance, life insurance, profit sharing claim, etc.) that has been made available to Plaintiff at all places of his employment.

[ECF No. 72-1 at 6].

Plaintiff's Response:

> Plaintiff objects to this interrogatory to the extent the request is overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it calls for the disclosure of information outside the scope of time, place, subject matter, and circumstances of the occurrences mentioned in the Complaint or Counterclaim. Moreover, Plaintiff objects to this interrogatory on the grounds the Defendant is requesting information from a "his," which does not refer to Plaintiff.

[ECF No. 72-2 at 6].

Interrogatory 8:

> Beginning in November 2021 and continuing until the present, describe in detail each and every attempt Plaintiff has made to find employment or to pursue education, training or other alternatives to employment. For each such attempt to find employment, identify the employer to whom Plaintiff made application for employment, formally or informally, and set forth the specific date(s) such application was made (if Plaintiff cannot remember the specific date(s), so state and set forth the approximate date(s)), describe in detail what Plaintiff did initially to request employment from the employer, describe in detail every subsequent step in the process that Plaintiff took with regards to the employer, including but not limited, any interviews attended, any correspondence written, and any tests or forms filled out. Identify each document which refers or relates to, or upon which Plaintiff relies in support of, the answers to this Interrogatory.

6

[ECF No. 72-1 at 6–7].

Plaintiff's Response:

> Plaintiff objects to this interrogatory to the extent the request is duplicative, overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it calls for the disclosure of information outside the scope of time, place, subject matter, and circumstances of the occurrences mentioned in the Complaint or Counterclaim.

[ECF No. 72-2 at 7].

Interrogatory 9:

> For each job offered to Plaintiff from September 2021 until the present, but which Plaintiff rejected, identify the position offered and provide the reason why he rejected the job offer.

[ECF No. 72-1 at 7].

Plaintiff's Response:

> Plaintiff objects to this interrogatory to the extent the request is overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it calls for the disclosure of information outside the scope of time, place, subject matter, and circumstances of the occurrences mentioned in the Complaint or Counterclaim. Moreover, Plaintiff objects to this interrogatory on the grounds the Defendant is requesting information from a "he," which does not refer to Plaintiff.

[ECF No. 72-2 at 7].

Interrogatory 10:

7

> Set forth an itemized list of each and every occasion that Plaintiff has received or sought any type of medical diagnosis or treatment (whether conventional or alternative), psychiatric treatment, or psychological counseling or treatment from 2012 until the present, whether or not related to the alleged incidents set forth in the Complaint. For each such instance, set forth the following particulars:
>
> > a. The date of the diagnosis, treatment, or counseling;
> >
> > b. The specific nature of the diagnosis, treatment, or counseling; and
> >
> > c. The full name, mailing address, street address, and telephone number of the physician, psychiatrist, psychologist, counselor, or other individual providing the diagnosis, treatment, or counseling.

[ECF No. 72-1 at 7].

Plaintiff's Response:

> Plaintiff objects to this interrogatory to the extent the request is overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it calls for the disclosure of information outside the scope of time, place, subject matter, and circumstances of the occurrences mentioned in the Complaint or Counterclaim. Moreover, Plaintiff was not employed by or associated with Defendant in 2012.

[ECF No. 72-2 at 8].

Interrogatory 11:

> Please state the nature of any other legal actions (civil, worker's compensation, disability claims, domestic, or criminal, including any arrests, if any) that Plaintiff has been involved in either as a plaintiff or defendant; and, if Plaintiff has been so involved, please

8

> state the dates of such involvement, the courts in which these actions were pending and the resolutions.

[ECF No. 72-1 at 7].

Plaintiff's Response:

> Plaintiff objects to this interrogatory on the grounds the request is overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it calls for the disclosure of information outside the scope of time, place, subject matter, and circumstances of the occurrences mentioned in the Complaint or Counterclaim.

[ECF No. 72-2 at 8].

Interrogatory 12:

> Identify by full name and address, all persons with whom Plaintiff has had any conversation or written/electronic communication concerning the allegations in your Complaint. For each such person, describe the substance of each conversation/communication, the approximate date on which each occurred, and the full name or any witnesses who were present during the conversations.

[ECF No. 72-1 at 8].

Plaintiff's Response:

> Plaintiff objects to this interrogatory to the extent the request is overbroad, vague, ambiguous, and unduly burdensome. Furthermore, Plaintiff also objects to this interrogatory to the extent Defendant seeks names of persons/witnesses that have already been filed with the District Court and that Defendant already has in its possession.

[ECF No. 72-2 at 9].

9

Interrogatory 14:

> Identify and list each and every social medial or social networking account (including, but not limited to Facebook, Twitter, Instagram, and dating or friendship sites) that Plaintiff has had within the last five (5) years. For each social media account, please provide the name of the social media or networking platform, the name and e-mail under which the account is registered and the associated username and/or handle.

[ECF No. 72-1 at 8].

Plaintiff's Response:

> Plaintiff objects to this interrogatory as overbroad, vague, and ambiguous and to the extent that it requests information protected by privacy laws and applicable privileges. Plaintiff also objects to this interrogatory to the extent the request is irrelevant, unduly burdensome, and is designed to harass, oppress, and intimidate Plaintiff. Furthermore, Plaintiff objects to this interrogatory as it is not calculated to lead to the discovery of admissible evidence in that it seeks information without identifying its relevancy.

[ECF No. 72-2 at 10].

Interrogatory 15:

> Identify and list each and every report made to law enforcement regarding incidents concerning Plaintiff's residence and personal property since January 2020.

[ECF No. 72-1 at 8].

Plaintiff's Response:

> Plaintiff objects to this interrogatory to the extent that Defendant already has the reports in its possession.

[ECF No. 72-2 at 10].

10

Defendant further asserts Plaintiff failed to respond to its requests for production. [ECF No. 72 at 2]. Defendant requests the court order Plaintiff to effectively respond to the requests for production and interrogatories 1, 2, 6, 7, 8, 9, 10, 11, 12, 14, and 15. *Id.* at 2, 3. Defendant further requests reimbursement for $635.50 in attorney's fees for the costs and time expended on the motion to compel. *Id.* at 3.

II. Discussion

    A.    Motion to Cancel Deposition

It appears Plaintiff's motion to cancel the deposition is moot. Plaintiff's motion does not specify the scheduled date of the deposition. *See generally* ECF No. 70. However, given Plaintiff's representations as to her conversations with individuals in Defendant's counsel's office on March 27 and 29, it appears the deposition was likely scheduled soon after March 29, 2023. *See id.* Defendant's response to Plaintiff's motion was due by April 13, 2023, but Defendant did not file a response or notify the court of Plaintiff's failure to appear for a deposition. Instead, Defendant filed a separate motion to compel. *See* ECF No. 72. This information suggests Plaintiff likely appeared for the deposition as scheduled. Therefore, the undersigned denies Plaintiff's motion as moot.

However, if Plaintiff did not appear for the scheduled deposition and has not been deposed by Defendant, the undersigned denies Plaintiff's motion to

11

cancel the deposition on the record because she has failed to present a compelling argument to support the requested relief.

Although Plaintiff is proceeding *pro se*, the court expects the litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure. In addition, the court provides a Pro Se Guide on its website that contains specific information pertaining to discovery and directs *pro se* parties to Fed. R. Civ. P. 26–37.

The court's November 8, 2022 scheduling order specified the parties were to begin discovery upon its receipt. [ECF No. 57]. The initial discovery deadline was March 8, 2023. *See id.* Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), a responding party has 30 days to respond to interrogatories and requests for production.

Plaintiff claims she "contacted Defendant's attorney's office to request the discovery" on March 6, 2023. [ECF No. 70 at 1]. This was after the court's initial discovery deadline. Thus, if the court had not extended the discovery deadline in its February 27 order, Plaintiff would not have been entitled to any discovery from Defendant.

Plaintiff later admits she asked Defendant's counsel on March 29, 2023, "if there was a form" she "needed to complete to get a copy of the discovery," *id.* at 2. Thus, it appears Plaintiff did not, on March 6, present a written request for discovery, as required by the Federal Rules of Civil Procedure, and had not

12

presented any such request by the time she filed the instant motion. Because Plaintiff did not comply with the Federal Rules of Civil Procedure in requesting discovery from Defendant, her objection to presenting for a deposition prior to receiving Defendant's responses to her discovery requests lacks merit.

In addition, Plaintiff has failed to present evidence to support her request that the court order her deposition be conducted in "a safe environment like a government office or the courthouse." Plaintiff states she "is afraid to attend the deposition [in Defendant's counsel's office] and be verbally abused." [ECF No. 70 at 2]. Her fear appears to be based on her assertion that during the March 29 telephone conversation, Defendant's counsel "went into a rage and began yelling at [her] stating [she] had no right to cancel the deposition" and indicated "he was not going to give [her] legal advice" with respect to her discovery requests. *Id.* Plaintiff's alleged fear is not based on the deposition's setting, but on her anticipated interaction with counsel. Therefore, the undersigned denies the requested relief as not reasonably calculated to address Plaintiff's concerns and unduly burdensome on Defendant and the court.

Although the parties should have been conducting discovery while the motions were pending, they may require additional time to respond to discovery requests based on this order. Therefore, the undersigned grants, in part, Plaintiff's request for an extension of time to complete discovery and

13

extends by 60 days the deadlines reflected in the February 27, 2023 amended scheduling order.

B.   Motion to Compel

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Plaintiff, as the party resisting discovery, has the burden to establish that the information is not relevant or proportional to the needs of the case. *See, e.g.*, *Waters v. Stewart*, C/A No. 4:15-4143-RBH-TER, 2017 WL 770535, at *2 (D.S.C. Feb. 28, 2017).

Defendant argues:

> Appropriate responses to the District's interrogatories and requests for production are necessary to support its defenses and to measure the strength or weakness of the evidence Plaintiff intends to use to present her case at trial. Additionally, the District seeks to develop other witnesses to Plaintiff's allegations and seeks to establish damages imputed onto her. Finally, [t]he responses to Defendant's discovery requests are necessary to determine if Motion for Summary Judgment should be filed or if trial preparation shall commence.

[ECF No. 72 at 1–2].

Plaintiff failed to respond to Defendant's motion and her responses to most of Defendant's interrogatories do not meet the burden to establish that the information is not relevant or proportional to Defendant's needs. Plaintiff provided boilerplate responses that the requested information was vague, overbroad, ambiguous, irrelevant, unduly burdensome, not designed to lead to

14

the discovery of admissible evidence, designed to harass, oppress, or intimidate her, and outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned in the complaint or counterclaim. *See generally* ECF No. 72-2. Instead of providing responsive answers to several of the interrogatories, Plaintiff indicated Defendant either had the requested information in its possession or could obtain it from another source. Pursuant to Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Because Plaintiff's answers to many of the interrogatories are evasive or incomplete, the court regards them as a failure to respond.

In the absence of a response from Plaintiff to Defendant's motion, the undersigned must grant, in part, Defendant's motion. Interrogatories 1 and 2 concern anticipated witnesses and their written and recorded statements. Such information is relevant to Defendant's assessment of the claim and its defenses. Interrogatories 6, 7, 8, and 9 address Plaintiff's employment and income following her termination. This information is relevant to Defendant's assessment of damages. Interrogatory 10 requests that Plaintiff "set forth an itemized list of every occasion that [she] has received or sought any type of medical diagnosis or treatment . . . psychiatric treatment, or psychological or counseling treatment from 2012 until the present, whether or not related to the alleged incidents set forth in the Complaint." [ECF No. 72-1 at 7]. The

15

undersigned agrees with Plaintiff's assertion that interrogatory 10 is overbroad. It is not proportional to the needs of the case. However, because Plaintiff requests damages for "emotional pain" and "suffering," she must advise Defendants of any medical records that are relevant to the assessment of damages. Interrogatory 11 requests information about Plaintiff's litigation history and is relevant to Defendant's assessment of the claim and damages. Interrogatory 12 concerns individuals with whom Plaintiff has communicated regarding the allegations in her complaint. Such information is reasonably relevant to Defendant's assessment of the claim. Interrogatory 14 requests Plaintiff provide information about every social media and networking account she has maintained over the prior five-year period. The undersigned agrees with Plaintiff's claim that this calls for the disclosure of information outside the scope of time, place, subject matter, and circumstances of the occurrences mentioned in the complaint or counterclaim. Although the undersigned recognizes that information on Plaintiff's social media and social networking accounts may be relevant to her claim or Defendant's defenses, the interrogatory is not proportional to the needs of the case. Because Plaintiff's complaint references events beginning in February 2021, it appears Defendant should only be entitled to her social media information beginning February 1, 2021. Interrogatory 15 requests Plaintiff identify and list any police reports related to her residence and personal property since January 2020. This

16

interrogatory is reasonably related to Defendant's evaluation of Plaintiff's claim, as Plaintiff specifically alleges she "had fecal matter placed on [her] car (at [her] home), and had [her] driver's side mirror broken completely off [her] car." [ECF No. 14 at 7]. It seems plausible that Defendant would need to know if Plaintiff had reported other similar incidents to law enforcement before or after she reported the referenced incident. Therefore, Plaintiff is ordered to respond to interrogatories 1, 2, 6, 7, 8, 9, 11, 12, and 15 in full and to respond to interrogatories 10 and 14 as limited by the court.

Defendant has indicated, and Plaintiff has failed to refute, that she provided no response to the requests for production. It appears most of the documents sought by Defendant are discoverable, with the exception of "[a]ny and all medical, psychiatric and/or psychological records regarding treatment Plaintiff received from January 2012 until the present, including a description of any medication she has taken or currently takes" [ECF No. 72-3 at 7] and some of Plaintiff's Facebook data. Plaintiff is ordered to produce the requested evidence, except that she may limit production of her Facebook data to the period beginning February 1, 2021 and her medical records to evidence related to her "emotional pain" and suffering since February 2021.

    C.    Expenses for Preparation of Motion

Fed. R. Civ. P. 37 defines the sanctions a court may levy on a party who refuses to cooperate in discovery.

17

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Defendant's counsel assert they served the interrogatories and requests for production and received responses to the interrogatories, but they do not indicate they followed up with Plaintiff to obtain more thorough responses. *See generally* ECF No. 72. If Plaintiff were represented by counsel, Local Civ. Rule 7.02 (D.S.C.) would have required Defendant to consult with opposing counsel and attempt to resolve the discovery dispute prior to filing the motion to compel. However, Local Civ. Rule 7.02 also provides: "Counsel is under no duty to consult with a *pro se* litigant." Defendant's counsel permissibly declined to consult with Plaintiff prior to filing the motion to compel.

It seems unjust to award expenses to Defendant where the expenses were incurred because Plaintiff is appearing *pro se* and Defendant did not have

18

a duty to consult with her prior to filing the motion. An award of damages under such circumstances effectively provides *pro se* parties no opportunity to resolve a conflict over discovery without incurring the other party's expenses. The undersigned further notes some of Plaintiff's responses were justified, as Defendant sought some information that was not proportional to the needs of the case. Accordingly, the undersigned declines to order Plaintiff to pay Defendant's expenses for the costs of bringing the motion to compel.

III. Conclusion

For the foregoing reasons, the undersigned denies Plaintiff's motion to cancel the deposition on the record, extends the remaining deadlines in the scheduling order by 60 days, grants in part Defendant's motion to compel, and denies Defendant's request for reasonable expenses incurred in making the motion. If she has not already done so, Plaintiff is directed to sit for a deposition at a mutually-agreeable time prior to July 7, 2023. Plaintiff is directed to provide complete responses to interrogatories 1, 2, 6, 7, 8, 9, 10, 11, 12, 14, and 15, as modified above, and to the requests for production, as modified above, no later than June 9, 2023. Plaintiff's failure to comply with the court's order may result in a recommendation that this case be dismissed for failure to participate in discovery and/or sanctions, including payment of Defendant's attorney fees and costs in preparing future motions to compel.

IT IS SO ORDERED.

June 1, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge