

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ROSE B. MOUMOUNI,<br>　　　　Plaintiff,<br><br>vs.<br><br>CHESTER COUNTY SCHOOL DISTRICT,<br>　　　　Defendant. | §<br>§<br>§<br>§　Civil Action No.: 0:22-1697-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Rose B. Moumouni (Moumouni), proceeding pro se, filed this action against Defendant Chester County School District (CCSD) as well as several other Defendants the Court previously dismissed. She alleges violations of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e, *et seq.* and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant CCSD's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 5, 2023, and Moumouni objected on December 22, 2023. CCSD failed to reply.

Moumouni, a former CCSD employee, alleges another CCSD employee, Daniel Pfeiffer (Pfeiffer), sexually harassed her, and she was terminated as a result of reporting the discrimination. Both Moumouni and Pfeiffer were technology support technicians.

For the most part, Moumouni makes nothing more than non-specific objections to the Report. Nevertheless, in an abundance of caution, the Court has reviewed the Report and the record de novo and found no error. Moreover, it has teased out several arguments, which it will briefly address below.

First, Moumouni complains the Magistrate Judge failed to consider the allegations in her amended complaints as evidence to oppose summary judgment.

In the Fourth Circuit, the Court must treat verified complaints as affidavits when the allegations are based upon personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

Although Moumouni appears to have originally filed a verified complaint, her amended complaint and second amended complaint fail to contain a certificate that the allegations are true. They are thus unverified.

Moumouni is correct that a subsequent unverified amended complaint fails to mitigate the evidentiary value of an earlier verified complaint. *See Goodman v. Diggs*, 986 F.3d 493, 499 (4th Cir. 2021) ("[A]n amended complaint does not divest an earlier verified complaint of its evidentiary value as an affidavit at the summary judgment stage."). But, Moumouni's amended

complaints included details uncontained in her original complaint. The Court is thus unable to consider those additional facts as evidence.

Accordingly, the Court will overrule this objection. The Court notes, however, it has considered Moumouni's November 7, 2023, Rebuttal Affidavit.

Second, Moumouni contends the Report "declines to include . . . [Moumouni's] allegations unrelated to her current case[,]" Report at 3 n. 2, but includes purportedly unrelated allegations by CCSD and treats them as fact.

As to the allegations the Magistrate Judge deemed irrelevant and thus excluded from the Report, the Court agrees they are immaterial to the claims discussed. As part of its de novo review, however, the Court has reviewed the allegations to provide background to Moumouni's claims.

And, as to factual determinations favoring CCSD, the Magistrate Judge failed to accept as fact mere allegations by CCSD. Instead, the Magistrate Judge included only those facts for which CCSD provided unrebutted evidentiary support.

The Court determines Moumouni is unable to show the Magistrate Judge erred in its recitation of the relevant facts in this case. It will thus overrule this objection, as well.

Third, Moumouni posits she is unable to procure evidentiary support for her claims because she is barred from her former place of employment, where she would be able to speak with potential witnesses, and because she is unable to afford private investigators or other resources to obtain the evidence.

As the Magistrate Judge has reminded Moumouni, the Court provides a Pro Se Guide on its website that contains specific information pertaining to discovery. The guide also directs pro se parties to the applicable Local and Federal Civil Rules.

Nevertheless, it appears Moumouni has failed to take advantage of these resources and participate in discovery. She has thus failed to procure or present evidence to support her claims, and the Court is unable to provide her relief, as the discovery deadline passed on July 7, 2023.

The Court will therefore overrule this objection, too.

Fourth, Moumouni contends she has identified a pattern of misrepresentation by CCSD the Magistrate Judge ignored.

As the Court already explained, however, the Court is unable to consider Moumouni's unverified allegations, and her other evidence fails to create a genuine issue of material fact.

Thus, the Court will also overrule this objection.

Fifth, Moumouni contends the Magistrate Judge erred in its determination Moumouni failed to bring a general discrimination claim. It appears she avers she was passed over by promotion for discriminatory reasons.

The Court has reviewed Moumouni's second amended complaint, however, and determines it fails to contain any allegations that could be construed to give rise to a failure to promote claim. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing[.]").

Therefore, the Court will overrule this objection, as well.

Sixth, Moumouni maintains Pfeiffer was her on-site supervisor, and thus CCSD is automatically liable for his alleged sexual harassment under Title VII and Title IX.

The Supreme Court defined "'supervisor' for purposes of imputed liability under Title VII" as "an individual who has been empowered 'to take tangible employment actions against the victim, i.e., to effect a significant change in employment status, such as hiring, firing, failing to

4

promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 333 (4th Cir. 2018) (quoting *Vance v. Ball State Univ.*, 570 U.S. 421, 430–31 (2013)).

The Supreme Court rejected "the more open-ended approach . . . which ties supervisor status to the ability to exercise significant direction over another's daily work." *Id.* (quoting *Vance*, 570 U.S. at 431); *see also Preston v. Va. ex rel. New River Cmty. Coll.*, 31 F. 3d 203, 207 (4th Cir. 1994) ("Title VII, and the judicial interpretations of it, provide a persuasive body of standards to which we may look in shaping the contours of a private right of action under Title IX.").

As the Magistrate Judge explained, Pfeiffer held the same title and role as Moumouni—technology support technician—and lacked the authority to change Moumouni's employment status. Thus, although Moumouni might have perceived Pfeiffer as her on-site supervisor in the sense that he gave her directions and "conducted himself as if he were superior" to her, Objections at 7, he fails to qualify as a supervisor as defined by Title VI and Title IX jurisprudence.

The Court will therefore also overrule this objection.

Seventh, Moumouni contends CCSD's moving Pfeiffer to a different school was insufficient to protect against harassment. She posits transferring him to a middle school would allow him to prey upon and sexually harass younger victims, who would be unable to protect themselves.

When determining employer liability for a coworker's sexual harassment of another coworker, the Court's inquiry is whether CCSD was "negligent in controlling working conditions[,]" in other words, that it "knew or should have known about the harassment and failed to take effective action to stop it." *Strothers*, 895 F.3d at 333 (quoting *Vance*, 570 U.S. at 424).

5

After CCSD investigated Pfeiffer's alleged harassment, CCSD transferred him even though they failed to find he had sexually harassed her. From the time of his transfer on August 17, 2021, until Moumouni's termination on August 31, 2021, she fails to complain of any further harassment. Thus, she has failed to show CCSD was negligent in controlling working conditions after she reported the harassment. Nor does she allege it was negligent in preventing the harassment.

Moreover, Moumouni has failed to present any evidence to suggest Pfeiffer has engaged in any sexual harassment at his new school. Even if that were the case, however, Moumouni would lack standing to address this issue on others' behalf. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (explaining Article III standing requires a plaintiff to have suffered an injury-in-fact).

The Court will therefore overrule this objection as well.

Eighth, Moumouni avers CCSD's given reason for her termination is pretext, because she was never notified, written up, or called into a meeting about any issues. Moreover, she contends the text messages she sent—the given reason for her termination—were nonthreatening. *See* Text Message to Dana Williams ("I promised that you will see the hands of the Almighty God at work real soon. Vengeance is mine says the Lord Almighty.").

The record shows CCSD had previously transferred Moumouni to a new school because of allegations of unprofessional conduct. Although Moumouni disputes the veracity of those allegations, it undermines her claims CCSD never told her of any issues with her as an employee.

And, even if CCSD could have decided to take measures less drastic than termination in response to the text messages, "it is not [the court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (citation omitted).

Additionally, there is evidence in the record Moumouni's coworker found the text Moumouni sent her to be threatening. And, this interpretation was reasonable, even if Moumouni, as she claims, meant it as a warning rather than a threat. *See* Text Message to Dana Williams ("I promised that you will see the hands of the Almighty God at work real soon. Vengeance is mine says the Lord Almighty.").

Accordingly, the Court will overrule this objection, too.

Ninth, Moumouni also insists CCSD retaliated against her because Wendell Sumter (Sumter), CCSD's assistant superintendent, tells potential employers she never worked for CCSD.

Post-employment actions may at times constitute retaliation under Title VII. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 339 (1997) (holding, in case involving former employer that allegedly gave a negative reference in retaliation for protected conduct, Title VII retaliation provision included former employees).

Moumouni has failed, however, to provide evidence of her allegations of Sumter's conduct. Therefore, the Court will overrule this objection, as well.

Finally, Moumouni posits the Board of Trustees (the Board) failed to hear the appeal of her termination. The Court agrees with the Magistrate Judge the record fails to support this interpretation of the Board's minutes. The Court will thus overrule those objections, too.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Federal CCSD's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 12th day of March 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.